**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CUONG HUY CU, | Case No. 5:26-cv-01274-AB (KES) |
| Petitioner, | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| D. MARIN, et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

In this immigration detention matter, the Report recommends that Petitioner be released from custody and that the case be referred back to the Magistrate Judge for further proceedings to address Petitioner's remaining claims. (Dkt. No. 22.) Respondents object to the recommendation to refer the case back to the Magistrate Judge for further proceedings. (Dkt. No. 24.) The objections do not merit a different result.

Respondents object that under the factors of *Mathews v. Eldridge*, 424 U.S. 319 (1976), the post-deprivation process available under 8 U.S.C. § 1226(a) would cure any due process concerns arising from a future arrest.  (Dkt. No. 24 at 8-12.)  The objection is not persuasive because it is not clear that a due process claim would lack merit.  For example, under the first *Mathews* factor, the private interest at stake, because Petitioner had been free on an order of supervision for approximately 25 years, "a person who is in fact free of physical confinement – even if that freedom is lawfully revocable – has a liberty interest that entitles him to constitutional due process before he is re-incarcerated."  *Y.L.S. v. Santacruz*, 2026 WL 734586, at *5 (C.D. Cal. Feb. 5, 2026) (citing cases).  As to the second *Mathews* factor, "the risk of erroneous deprivation is significant where the government fails to follow its own procedures for revocation of release, thus depriving the noncitizen of process due prior to revocation."  *Francisco Lorenzo v. Bondi*, 2026 WL 237501, at *5 (W.D. Wash. Jan. 29, 2026).  And "the third *Mathews* factor weighs in [Petitioner's] favor because his pre-detention process is routine and low cost."  *Id*.

Respondents object that the prospect of future injunctive relief would fail for lack of ripeness.  (Dkt. No. 24 at 12-13.)  The objection is not persuasive. Petitioner can "only enforce his right to a pre-deprivation hearing by 'bringing a challenge now, prior to his being re-arrested.'"  *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1056 (N.D. Cal. 2021) (rejecting ripeness argument) (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963 969 (N.D. Cal. 2019)).  Respondents relatedly object that an injunction would not satisfy the requirements of *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  (Dkt. No. 24 at 13-14.)  This objection also is not persuasive.  Under *eBay*, Petitioner "must demonstrate (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc.*, 547 U.S. at 391.  It is not clear that Petitioner would be unable to satisfy these requirements.  For instance, the circumstances of Petitioner's recent detention "does not inspire confidence that, absent a court order, Respondents will afford Petitioner process that is consistent with their own polices and regulations, applicable statutes, and the United States Constitution." *Pour v. Bondi*, 2026 WL 972410, at *3 (W.D. Wash. Apr. 10, 2026) (granting under the *eBay* factors a permanent injunction against future re-detention without pre-deprivation notice and a hearing) (citation omitted).

Respondents object that 8 U.S.C. § 1226(e) would foreclose prospective collateral review of any future detention decision.  (Dkt. No. 24 at 14-16.)  The objection is not persuasive.  Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  But Section 1226(e) "did not strip federal courts of traditional habeas jurisdiction. . . . [It] restricts jurisdiction only with respect to the executive's exercise of discretion, but that discretionary judgment does not include constitutional claims or questions of law." *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024).  Here, Section 1226(e) would not bar Petitioner from raising "due process and regulatory challenges to the procedures Respondents" would employ for purposes of redetention. *Ghamoushi-Ramandi v. Janecka*, 2026 WL 1107385, at *3 (C.D. Cal. Apr. 20, 2026); *see also Qazi v. Albarran*, 2025 WL 3033713, at *3 (E.D. Cal. Oct. 10, 2025) (Section 1226(e) does not bar judicial review where "Petitioner's claim is  a challenge to the constitutionality of Petitioner's imminent redetention.").

Respondents object that a permanent injunction would exceed the narrow scope of habeas corpus, in particular, by encroaching on territory foreclosed by 8

U.S.C. § 1252(g).  (Dkt. No. 24 at 16-18.)   The objection is not persuasive. Section 1252(g) provides that, notwithstanding the habeas statute of 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  Nothing suggests that this case involves a challenge to removal.  Petitioner "does not seek relief based on a challenge to the decision to 'commence proceedings,' to the 'adjudicat[ion]' of his case, or the 'execution' of any corresponding removal order. Instead, he challenges his redetention as one that violated his rights to due process.  Section 1252(g) does not preclude a district court from reviewing a challenge to the allegedly unlawful detention of a noncitizen[.]" *Venega-Maltez v. Semaia, et al.*, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026); *see also Yang v. Kaiser*, 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025) (same, citing cases).

Respondents object that an injunction would be overbroad because it would violate the immediate-custodian rule, which requires that the warden of the detention facility is the proper Respondent in a habeas action.  (Dkt. No. 24 at 18.) The objection is not persuasive.  In the immigration detention context at issue here, Petitioner may seek "relief that [his] immediate custodian would be unable to provide.  The Court thus finds the immediate custodian inapplicable to this case." *Rivera v. Holder*, 307 F.R.D. 539, 544 n.1 (W.D. Wash. 2015) (declining to apply the immediate custodian rule in the immigration detention context) (citing cases).

Respondents object that an injunction would violate precedent mandating the narrow tailoring of remedies.  (Dkt. No. 24 at 18-19.)  The objection is speculative. The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767 (1994).  The Ninth Circuit likewise has emphasized that "[a]n injunction must be narrowly tailored to remedy

the specific harm shown." *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (citation omitted).  Respondents' objection is speculative because the Magistrate Judge has not recommended any further remedy, and it is not clear that the Magistrate Judge will do so.  But the habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968).

Finally, Respondents object that an injunction would violate the rule against broad "obey-the-law decrees." (Dkt. No. 24 at 19).  The objection also is speculative.  The Ninth Circuit has "not adopted a rule against 'obey the law' injunctions per se." *U.S. Securities & Exchange Commission v. Murphy*, 50 F.4th 832, 852 n. 9 (9th Cir. 2022).  They are permissible if they "adequately describe the impermissible conduct," are "not impermissibly vague," or "provide[] a sophisticated actor[] with additional guidance for his future conduct." *Id*.  The Magistrate Judge has not recommended any further remedy, and it is not clear that the Magistrate Judge will do so.  If the Magistrate Judge does recommend a further remedy, nothing suggests it would be impermissibly vague.

It is ordered that:

1. The Report and Recommendation is approved and accepted;

2. The Petition is granted as to Ground One;

3. Petitioner is ordered released from custody immediately; and

4. The case is referred back to the Magistrate Judge for further proceedings.

Dated: May 21, 2026

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE