O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CUONG HUY CU,

                      Petitioner,

     v.

D. MARIN, et al.,

                   Respondents.

Case No. 5:26-cv-01274-AB (KES)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

In this immigration detention matter, the Report recommends the grant of Ground Two and the partial grant of Ground Three of the Petition.  (Dkt. No. 27.) In Ground Two, Petitioner claims that Immigration and Customs Enforcement ("ICE") failed to comply with its own regulations in re-detaining Petitioner, in violation of the Fifth Amendment and the Administrative Procedure Act.  (Dkt. No. 1 at 12-13.)  In Ground Three, Petitioner claims that ICE may not remove Petitioner to a third county without adequate notice and an opportunity to be heard.  (*Id.* at

13.) The Report recommends granting relief in which Respondents are enjoined from re-detaining Petitioner without providing him with a pre-detention hearing before a neutral decisionmaker in which Respondents bear the burden of demonstrating by clear and convincing evidence that detention is warranted. (Dkt. No. 27 at 13.) The Report also recommends that Petitioner be provided with ten days' notice of the country to which Respondents intend to remove him prior to any removal. (*Id*.) Respondents' objections to the Report do not merit a different result.

Respondents object that the proposed relief of an injunction enjoining re-detention without notice and a pre-detention hearing encroaches on territory foreclosed by 8 U.S.C. § 1252(g). (Dkt. No. 29 at 3-4.) Section 1252(g) provides that, notwithstanding the habeas statute of 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Petitioner's challenge to his possible re-detention does not implicate an Executive discretionary judgment to remove Petitioner. Petitioner "does not seek relief based on a challenge to the decision to 'commence proceedings,' to the 'adjudicat[ion]' of his case, or the 'execution' of any corresponding removal order. Instead, he challenges his redetention as one that violated his rights to due process. Section 1252(g) does not preclude a district court from reviewing a challenge to the allegedly unlawful detention of a noncitizen[.]" *Venega-Maltez v. Semaia, et al*., 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026); *see also Yang v. Kaiser*, 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025) (same, citing cases).

Respondents object that injunctive relief improperly regulates the Executive Branch's Article II functions. (Dkt. No. 29 at 4-5.) Respondents fail to show how the provision of process that the Report finds is required by due process and federal regulations impermissibly regulates the Executive. " 'Although the Supreme Court

has described Congress's power over the "policies and rules for exclusion of aliens" as "plenary," and held that this court must generally "defer to Executive and Legislative Branch decisionmaking in that area," it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority' — through detention or otherwise." *Singh v. Bondi*, 824 F. Supp. 3d 1140, 1145 (W.D. Wash. 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 990 n.17 (9th Cir. 2017)). "The executive branch's discretionary power does not allow for a deprivation of constitutional rights in execution of that power." *Singh*, 824 F. Supp. 3d at 1145.

Respondents object that the proposed remedy fails the Supreme Court's narrow tailoring rule. (Dkt. No. 29 at 5.) The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767 (1994). The Ninth Circuit likewise has emphasized that "[a]n injunction must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (citation omitted). Here, the specific harm shown is not only Petitioner's re-detention, but also "a concrete risk of re-detention" without legally required process. *Yang v. Scott*, 2026 WL 632661, at *5 (W.D. Wash. Mar. 6, 2026). The habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Under its mandate, the Court finds it appropriate to grant a prospective remedy enjoining future re-detention absent legally required process.

Respondents object that the proposed injunction violates the rule against broad "obey-the-law" decrees. (Dkt. No. 29 at 5-6.) But the Ninth Circuit has "not adopted a rule against 'obey the law' injunctions per se." *U.S. Securities & Exchange Commission v. Murphy*, 50 F.4th 832, 852 n. 9 (9th Cir. 2022). They are

permissible if they "adequately describe the impermissible conduct," are "not impermissibly vague," or "provide[] a sophisticated actor[] with additional guidance for his future conduct." *Id*. Here, the highly specific relief recommended, against sophisticated Respondents, does not violate the rule.

Respondents object that Immigration Judges do not have the legal authority or jurisdiction to conduct a "pre-deprivation" custody redetermination. (Dkt. No. 29 at 6-7.) The Court disagrees. The power to order a hearing before an immigration judge "is the type of practice and workable remedy within the district court's broad equitable powers." *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1104 (S.D. Cal. 2008) (citing *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) ("[i]n constitutional adjudication as elsewhere, equitable remedies are a special blend of what is necessary, what is fair, and what is workable.")).

Respondents object that there is a statutory and regulatory framework that already governs revocation of an order of supervision. (Dkt. No. 29 at 7.) Petitioner, who had been free on an order of supervision, was detained without any notice when he appeared for his scheduled check-in appointment with ICE. This prior deprivation "suggests that the procedures created by the regulatory framework have proven insufficient to meaningfully mitigate the risk of erroneous deprivation of liberty in this case." *Yang*, 2025 WL 2791778, at *9 (citing cases). Thus, the Court agrees with the Report that it is appropriate to require pre-deprivation notice and a constitutionally adequate pre-deprivation hearing.

Respondents object that the government may by law remove non-citizens with final removal orders. (Dkt. No. 29 at 7.) The Court agrees with the Report that "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." (Dkt. No. 27 at 11 (citing cases).) Accordingly, ten days' notice prior to removal "is a sufficient—but not excessive—time to ensure Petitioner is 'given a meaningful opportunity to present [his] case' against removal to a particular third

country, once notified of his intended destination." (*Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976).)

It is ordered that:

(1) Claim Two of the Petition is granted. Any future enforcement actions after Petitioner's release must comply with Due Process requirements. Specifically, Respondents shall not re-detain Petitioner without providing him a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that his physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.

(2) Claim Three of the Petition is partially granted. Petitioner will be provided ten days' notice of the country to which Respondents intend to remove him prior to any removal.

DATED: July 9, 2026

_____
HON. ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE